FILED
2013 Jan-15  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENT DUKE and<br>JACQUELINE C. DUKE, | } <br> } <br> } | |
| Plaintiffs, | } <br> } | CIVIL ACTION NO. |
| v. | } <br> } | 2:12-cv-00157-WMA |
| NATIONSTAR MORTGAGE, LLC, | } <br> } | |
| Defendant. | } <br> } | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to this court's October 30, 2012 and November 16, 2012 orders, defendant Nationstar Mortgage, LLC ("Nationstar") on December 27, 2012, provided the court with voluminous documents for an *in camera* examination and a determination of their discoverability by plaintiffs. (Docs. 39 and 44). Specifically, Nationstar provided the court with (1) 622 pages of documents relating to the "policies and procedures of Nationstar" that had not been previously produced; (2) a statement that 76,558 mortgagors received a communication from Nationstar to the effect that the mortgagor's home would not be referred to foreclosure or sold at a foreclosure sale while Nationstar was reviewing the loan for modification; and (3) a list of names, locations, case numbers, and statuses of cases filed against Nationstar in state and federal court alleging some sort of misrepresentation. After studying these materials, the court finds them sufficiently relevant to the claims and defenses and sufficiently non-protectable to be subject

to discovery by plaintiffs, and Nationstar will be ordered to produce them to plaintiffs.

Specifically, Nationstar's written policies and procedures and whether it complied with those policies and procedures during the time leading up to the subject disputed foreclosure are directly relevant to plaintiffs' claims, including but not limited to their claim for negligent hiring, training, and supervision. Furthermore, the information regarding communications with third-parties and other litigation is also directly relevant, for example, based on its potential to establish a pattern and practice for the purposes of the punitive damages claim. While the plaintiffs are entitled to this evidence, the court makes no determination as its admissibility at trial. The court reminds the parties of the scheduling order and the March 8, 2013 dispositive motion deadline. The court further reminds the parties that the items to be furnished to plaintiffs are subject to the October 30, 2012 protective order.

The court hereby ORDERS defendant Nationstar to produce the aforementioned items to plaintiffs by January 22, 2013.

DONE this 15th day of January, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE